ROBERT L. BLAND, Judge.
In this case the Reverend O. P. Brann, of 217 Wood street, Westernport, Maryland, prosecutes a claim against the state of West Virginia for the sum of $150.00. He bases his claim on the failure of the state road commission to erect and maintain posts or guardrails or other indications of danger on an improved black-top secondary road, known as the Beryl-Hampshire road, in Mineral county, West Virginia, at the place where it crosses the tracks of the Western Maryland Railway Company at Tusetown and where he drove his automobile over a stone wall and thereby wrecked the vehicle. He seeks reim-bursment for the amount which he expended for the repair of the car.
About nine-thirty o’clock on Wednesday night, March 29, 1944, claimant was returning from Hampshire, where he had *119 conducted a religious meeting, when the accident occurred. Testifying in support of his claim, he said: “It was a dark, foggy night and when I came down to the railroad, why I missed the road.-» It is a very sharp turn there. To my notion it was very dangerous until it was fixed. They have put posts there now, or guardrails, like. And I went over the wall, about a four or five foot stone wall there, and the car dropped over, the front wheel and the rear wheel, and turned it up half-way and dropped it straight down, and I was fortunate enough not to get hurt, but it wrecked the car.” When asked whether he had ever traveled the road before, claimant replied: “Oh, many a time, many a time. I have been travelling it for years as far as that is concerned.” Continuing, he testified: "There is a rough place in the road on the opposite side and when I came down, I missed that, I pulled around it, like, and I came over across the railroad, it didn’t take much of a swing to go over the wall.”
Claimant said that he was not forced over the wall on account of the bad condition of the road. He admitted that, except for the absence of warning signs of danger, the road was in generally good condition, and that he had knowledge of and was familiar with the condition which existed at the point where his car went over the stone wall. In the performance of his ministerial duties he had traveled the road by day and by night. Within the month preceeding the accident "maybe two or three times.” Although (here was a warning sign conspicuously posted, he did not heed it or stop his car before crossing the railroad. No vehicles obstructed his right of way as he traveled to the point where the accident happened. Long prior to the night when his car went over the stone wall he was thoroughly familiar with the condition of the road at the point where it did so. “I was always very careful,” he testified, “when I came across that track for that reason because it is a real sharp turn.” Interrogated as to whether he understood before the accident occurred that the point at which the accident took place was a dangerous one, he answered: “Yes, sir, I did, and I always drove very careful and I was driving very slow this time; wasn’t driving over ten miles an hour, but *120 I swung just too far, and you didn’t have to swing very far to go over that wall.”
Claimant does not show positively or satisfactorily that the accident actually occurred on the state road. From the showing made by the record the accident could have easily been on the right of way of the Western Maryland Railway Company which maintains the surface at the point where it happened.
It was shown by the testimony of Harry R. Taylor, maintenance supervisor for roads in Mineral county, who had been familiar with the Beryl-Hampshire road for nineteen years, that on March 29, 1944, the time of claimant’s accident it was in good repair. At the approaches to the railroad crossing it was sixteen feet in width. No accident had occurred and no complaint had been heard about the alleged unsafe or dangerous condition of the road. Cleo Swecker, district maintenance engineer for distrcit 5, which includes Mineral county, never had any complaint about a dangerous or unsatisfactory condition of the road where the accident happened and testified that it was in good repair. After the accident four posts were erected on the road. The witness testified that three of them were on the Western Maryland Railway Company right of way and that permission was obtained by the road commission from the railroad company to erect them. Zeddie Harrington, a school bus driver and mail carrier in Mineral county, testifying for the State, said that he drove a sixty passenger school bus for the Mineral county schools over the Beryl-Hampshire road. He had been driving the bus for ten years. He drives it over the route where the accident happened. He never had any difficulty in getting his sixty-passenger school bus over the road and wouldn’t say that the approaches to the railroad track at the crossing of the Western Maryland Railway Company were dangerous. He never had any trouble there with the bus.
Upon the whole evidence we are unable to recommend an appropriation of the public revenues of the state to satisfy the plaintiff's claim. We cannot give it our approval.
An award, is, therefore, denied and the claim dismissed.